■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HOOKER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered March 8, 1983, convicting him of rape in the first degree and attempted sodomy in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The People committed no error in failing to give defendant a notice pursuant to CPL 710.30 that the rape victim would testify that she saw defendant on a date subsequent to the attack and prior to the arrest. The statute requires such notice where it is alleged that the identification was derived from an improper police identification procedure but not as to observations of a defendant that occur independent of law enforcement activity (People v Jones, 99 AD2d 471; People v Spatarella, 34 NY2d 157).

Nor did the court err in declining to hold a hearing on defendant's posttrial motion to set aside the verdict. Subsequent to the verdict, the trial attorneys learned that a copy of defendant's arrest report which had been introduced as an exhibit and given to the jury in redacted form to show defendant's height, weight and other physical characteristics inadvertently included information that defendant was "unemployed" which should have been deleted. The attorneys for defendant and the People had agreed to delete this and other information due to irrelevancy rather than prejudice. There is no reasonable possibility that the jury's viewing of this information affected defendant's substantial rights (CPL 330.30 [2]). A hearing was unnecessary and could only have involved an ill-advised inquiry into the jury's mental processes (see, Stein v New York, 346 US 156). The court properly declined to hold such a hearing in this case (CPL 330.40 [2] [e] [i]; see, People v Brown, 48 NY2d 388, 393; Parker v Gladden, 385 US 363).

We have examined defendant's remaining contentions and find them to be without merit. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.