OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, defendant’s motion to vacate the judgment granted, and a new trial ordered.
 

 In 1976 the defendant was convicted of murder and the conviction was affirmed on direct appeal (57 AD2d 640). In 1982 the defendant moved to vacate the conviction pursuant to CPL 440.10 on the ground, among others, that the trial court erred in failing to disqualify a juror who had a prior relationship with two prosecution witnesses. After a hearing, the court denied the motion (120 Mise 2d 165) and the Appellate Division affirmed (105 AD2d 920). On defendant’s appeal to this court we have concluded that the motion should have been granted.
 

 The fact that a juror had a prior relationship with a witness who testified at the trial does not automatically disqualify the juror, although it may in a particular case require that the juror be excused (CPL 270.20 [1] [c]; 270.35). In this case the juror was acquainted with two prosecution witnesses. The
 
 *831
 
 relationship was essentially professional
 
 (cf. People v Provenzano,
 
 50 NY2d 420); but with respect to one of the witnesses it was, according to the juror’s own assessment, also somewhat intimate
 
 (cf People v Branch,
 
 46 NY2d 645). What is more significant is that each of these witnesses was called by the prosecutor to refute the defendant’s claim of insanity, the primary issue presented at trial since the defendant admitted the underlying acts. The juror stated at the posttrial hearing that he did inform, or would have informed, the Trial Judge that the relationship would not affect his impartiality, but such a statement is ineffective when a showing of implied bias has been made
 
 (People v Branch, supra,
 
 at p 651). Considering all of the circumstances, the court should have found the juror unqualified to continue to serve in this particular case (CPL 270.35).
 

 We also note that the defendant’s ability to prevail on the insanity defense was further circumscribed by the conduct of defense counsel which the court below found, without a hearing, to have been part of an over-all strategy. Although some of these actions, such as counsel’s failure to have the defendant’s mental capacity evaluated by a psychiatrist, raise a colorable claim of ineffective assistance, there is no need to remit for a hearing on this issue in view of our determination that the defendant should be granted a new trial because of the trial court’s failure to disqualify the juror.
 

 Finally we emphasize that the court should have informed the parties of the communication from the juror before the court ruled on its effect. While it is true, as the court below noted, that the statute is silent on the procedure to be followed under such circumstances, the parties should, in most, if not all cases, be given an opportunity to be heard before the court rules on such a matter relating to the case
 
 (cf. People v Argibay,
 
 45 NY2d 45, 52).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 Order reversed, etc.