■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE CARGILL, Appellant.

Criminal Term did not abuse its discretion in replacing a seated juror with the first alternate based upon the seated juror's asserted fear of repercussions from the discharge of her duties as a juror. We find that the juror in question was "grossly unqualified", within the meaning of CPL 270.35, to serve in the case *(see, People v Rentz,* 67 NY2d 829; *People v*

*Buford,* 119 AD2d 761, *lv granted* 67 NY2d 1059; *People v Meyer,* 78 AD2d 662). The principle applied to jury selection, i.e., that a trial court should disqualify prospective jurors of questionable impartiality, has been applied with equal force to cases involving sitting jurors where alternates are available *(see, People v Meyer, supra,* at p 664). Although the juror in question replied affirmatively when questioned by the court about her ability to remain impartial, the court noted on the record that the juror's demeanor indicated otherwise. We should defer to the determination of the Trial Judge in these circumstances, since he was able to observe the juror during the inquiry and was best able to perceive her ability to render an impartial verdict. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.