■ The People of the State of New York, Respondent, v Dave Clark, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered April 16, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that the trial court went to great lengths to ensure that the defendant received a fair trial. Before trial, the prosecutor made a motion in limine for permission to introduce evidence, in order to establish the operability of the weapon in question, that a person was shot when the defendant fired the weapon. No weapon was recovered in this case. Rather than permit evidence of the shooting with instructions that the jury consider such evidence solely with respect to the weapon's operability, the trial court, in an effort to safeguard the defendant from any undue prejudice, prohibited the admission of any evidence that a person had been shot. In order to minimize any potential prejudice to the defendant, the trial court permitted testimony that an object was struck by a

bullet from a gun that was fired and that a bullet was removed from the object without identifying the object as a body. As the least prejudicial means of permitting the prosecution to prove operability, the trial court's ruling did not deprive the defendant of a fair trial.

Nor can the court's denial of the prosecutor's motion to dismiss for cause the juror who worked for the Chief Medical Examiner be said to have unduly prejudiced the defendant. The defense counsel opposed the challenge. The mere fact that a juror had a relationship with a witness who testified at the trial did not automatically disqualify that juror (see, People v Rentz, 67 NY2d 829). Considering all of the circumstances, it cannot be said that the trial court erred in refusing to disqualify the subject juror, particularly since the defendant waived the alleged error by failing to assert a challenge (see, People v Smith, 111 AD2d 883; People v Foster, 100 AD2d 200, mod on other grounds 64 NY2d 1144, cert denied 474 US 857; cf., People v Rentz, supra).

The defendant's remaining claims of error with respect to the trial court's rulings are devoid of merit.

Although it is impermissible for a prosecutor to vouch for the credibility of the People's witnesses, the comments of the prosecutor in the instant case did not constitute vouching but were, rather, a proper response to remarks made by the defense counsel in summation (see, People v Colon, 122 AD2d 151, lv denied 68 NY2d 810). The defendant's remaining challenges to the prosecutor's summation are similarly without merit.

Under the totality of the circumstances, we conclude that meaningful representation was provided (see, People v Satterfield, 66 NY2d 796, 798-799; People v Lee, 129 AD2d 587). Accordingly, the defendant's claim that he was deprived of the effective assistance of counsel must be rejected. Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.