■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUKE WANDELL, Appellant.—Mercure, J. Appeals (1) from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 4, 1988, upon a verdict convicting defendant of the crimes of arson in the first degree and assault in the second degree, and (2) by permission, from two orders of said court, entered June 8, 1988 and June 24, 1988, which denied defendant's motions pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

During the late evening hours of September 7, 1987, someone propelled a glass bottle containing gasoline and an ignited cloth wick against the front door of the residence of City of Elmira Police Detective Sherril Miller. The resulting fire caused Miller to suffer second degree burns to his foot. A Chemung County Grand Jury subsequently indicted defendant for arson in the first degree, attempted murder in the second degree and assault in the second degree. At arraignment, Public Defender Joseph Balok was assigned to represent defendant. As a motive for the crime, the prosecution presented proof at trial that defendant was upset that Miller had obtained written statements from defendant's sister-in-law implicating defendant in various burglaries. Defendant's brother, John Wandell (hereinafter Wandell), testified for the prosecution that he heard defendant threaten to "torch" Miller's house and that defendant looked up Miller's address in a telephone book at Wandell's apartment on the day of the crime and, on the next day, admitted riding his bicycle to Miller's house and throwing the firebomb. The jury rendered a verdict of guilty of arson in the first degree and assault in the second degree. Prior to sentencing, defendant moved for a change of counsel because, *inter alia,* Balok was concurrently representing Wandell. County Court substituted counsel. Nonetheless, defendant's motion for dismissal, grounded upon the asserted conflict of interest and other errors by Balok, was determined by County Court to be inappropriate for relief pursuant to CPL 330.30 (1). Defendant was sentenced to an indeterminate term of 25 years' to life imprisonment for arson in the first degree and 3½ to 7 years' imprisonment as a

second felony offender for assault in the second degree, the sentences to run concurrently.

Thereafter, County Court converted defendant's CPL 330.30 motion to one to vacate judgment pursuant to CPL article 440. A hearing was held in which Wandell testified that he retained Balok to represent him in April 1987 due to a fall down stairs and that defendant knew, prior to his arraignment, that Balok was representing him. Balok testified that he handled Wandell's workers' compensation case, that no negligence action had yet been commenced, and that he discussed his representation of Wandell with defendant. Defendant testified that he was not aware that Balok represented Wandell until after trial and that, had he known, he would not have wanted Balok to represent him. Prior to a decision being rendered, defendant made another motion pursuant to CPL article 440 asserting that the prosecution failed to produce supplementary offense reports which were alleged to constitute *Brady* or *Rosario* material. Defendant's motions were denied. Defendant appeals from his conviction and from County Court's denial of the motions to vacate the judgment of conviction.

There should be an affirmance. Initially, defendant, relying upon *People v McDonald* (68 NY2d 1), contends that he was denied the right to the effective assistance of counsel since Balok's concurrent representation of Wandell prevented a vigorous cross-examination of the witness. We disagree. The Court of Appeals instructs us that failure of the trial court to conduct a *Gomberg* hearing *(see, People v Gomberg,* 38 NY2d 307) requires reversal only if the defendant has demonstrated that "a conflict of interest, or at least the significant possibility thereof, did exist" *(People v Macerola,* 47 NY2d 257, 264; *see, People v McDonald, supra,* at 9). Moreover, the conflict must bear "a substantial relation to 'the conduct of the defense' " *(People v McDonald, supra,* quoting *People v Lombardo,* 61 NY2d 97, 103; *see, People v Recupero,* 73 NY2d 877, 879). The Court of Appeals has declined to adopt a per se rule; rather, a defendant attacking a conviction on this basis must demonstrate the alleged ineffectiveness by showing that the conflict existed and that it "affected the manner in which his attorney conducted the defense prejudicially to the defendant" *(People v Winkler,* 71 NY2d 592, 597; *see, People v Mattison,* 67 NY2d 462, *cert denied* 479 US 984).

Here, Balok's representation of Wandell was not related to the criminal charges against defendant. Thus, "no actual conflict was demonstrated * * * only an indirect and distinctly remote possibility thereof" *(People v Perez,* 70 NY2d

773, 774). Moreover, the record demonstrates that Balok questioned Wandell as to his criminal record, his involvement in a burglary and his history of psychiatric treatment. Further, counsel elicited testimony that Wandell took medication that might cause hallucinations and that Wandell did not have a telephone, despite his testimony that defendant used his telephone book. We conclude that, despite Balok's economic interest in continuing representation of Wandell *(see, People v McDonald, supra,* at 10), he conducted an extensive and vigorous cross-examination of the witness and "the defendant has totally failed to establish the existence of a significant possibility of a conflict of interest which bears a substantial relationship to the conduct of the defense" *(People v Brown,* 136 AD2d 1, 11, *lv denied* 72 NY2d 857, *cert denied* — US —, 109 S Ct 240; *see, People v Recupero, supra; People v Lombardo,* 61 NY2d 97, *supra).*

We have examined the remaining claims of ineffective assistance of counsel and find little support for them in the record. The record demonstrates a vigorous and reasonably competent defense. Each prosecution witness was cross-examined as to any criminal record, and direct testimony was presented in an effort to establish an alibi and to indicate that someone other than defendant committed the crime. In our view, any errors that may have been committed in failing to object *(see, People v Craft,* 123 AD2d 481, 483, *lv denied* 69 NY2d 745) or in choosing not to call a particular witness *(see, People v Leary,* 145 AD2d 732) were not inconsistent with a justifiable trial strategy. We conclude, under all the circumstances, that counsel provided meaningful representation *(see, Strickland v Washington,* 466 US 668, 686-691; *People v Satterfield,* 66 NY2d 796, 799-800; *People v Baldi,* 54 NY2d 137, 147).

The remaining contentions are similarly unavailing. The deployment of an additional three Sheriff's Deputies for courtroom security was not inherently prejudicial where, as here, it allowed defendant to remain unshackled and the necessity for the heightened security was amply demonstrated *(see, Holbrook v Flynn,* 475 US 560, 570; *People v Brown,* 136 AD2d 1, 13, *supra; see also, People v McCloud,* 69 AD2d 957). Next, contrary to defendant's assertion, Vickie Deback's eyewitness testimony was properly received. The viewing of defendant by the witness on a television news report occurred independent of law enforcement activity and, thus, CPL 710.30 did not require that notice be given to defendant *(see, People v Hooker,* 114 AD2d 514, *lv denied* 67 NY2d 885). Nor is any persuasive

argument put forward that the prosecutor's phrasing of questions improperly forced defendant to characterize the prosecution witnesses as liars (cf., People v Balkum, 94 AD2d 933); rather, defendant's gratuitous characterizations were not responsive to the questions put to him. Finally, the prosecutor did not impermissibly vouch for the credibility of prosecution witnesses and his comments in summation stayed within the four corners of the evidence (see, People v Clark, 132 AD2d 704, 705; People v Spruill, 110 AD2d 981).

We have examined defendant's remaining contentions and find them to be without merit.

Judgment and orders affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.