■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CLARK, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered August 3, 1989, convicting defendant, after a jury trial, of three counts of murder in the second degree and three counts of attempted murder in the second degree, and sentencing him as a second felony offender to six consecutive terms of imprisonment of from 25 years to life and 12½ to 25 years, respectively, unanimously affirmed.

Defendant moved to set aside the verdict on the ground that a juror's brother was the father of the children of the woman defendant testified he was with at the time of the crime, and that this potential alibi witness of his had discussed with the juror the possibility of testifying at the trial. During colloquy on the motion, counsel for one of the two co-defendants

advised that following the verdict, his client told him that defendant, the juror and the potential witness, had had three-way telephone conversations during the trial, and that the juror had been enlisted to vote in favor of convicting the two co-defendants in order to strengthen her ability to gain an acquittal for defendant. At a post-conviction hearing, the juror admitted speaking with the potential witness during the trial, but denied talking about the case. For her part, the potential witness admitted owning a telephone capable of carrying three-way calls and speaking with defendant and the juror during the trial, but denied trying to help defendant "through" the juror, and invoked the privilege against self-incrimination when asked questions that might have validated the co-defendant's allegations.

The trial court credited the juror's hearing testimony and sustained the verdicts against all three defendants, but this court, on the prior appeals of the two co-defendants, found that critical parts of the juror's testimony were incredible, and ordered a new trial as to those defendants *(People v Timmons,* 175 AD2d 10, *lv dismissed* 78 NY2d 975; *People v Bolden,* 175 AD2d 21, *lv dismissed* 78 NY2d 962). Seizing on this court's prior determination that the juror's impartiality had been impugned, defendant urges that he, too, is entitled to a new trial. We disagree.

A juror is grossly unqualified to serve within the meaning of CPL 270.35 if biased, but in cases where bias has been found *(see, e.g., People v Rodriguez,* 71 NY2d 214; *People v Branch,* 46 NY2d 645; *People v Rentz,* 67 NY2d 829; *People v Meyer,* 78 AD2d 662) the courts have taken the approach that the bias must prejudice the defendant who challenges the juror. In *Rodriguez,* the juror was prejudiced against dark Hispanics, and defendant was a Hispanic. In *Branch (supra,* at 649), the juror was a part-time police officer who had in the past worked "particularly closely" with the trial prosecutor. In *Rentz (supra,* at 831), the juror had relationships with two prosecution witnesses, one professional and the other both professional and "somewhat intimate". In *Meyer,* where the juror knew two witnesses, one a police officer who testified for the prosecution and the other a witness for the defense, the court found that the witness had an implied bias in favor of the prosecution that could not be expunged, and an actual bias against the defense. Here, by contrast, nothing in the record suggests that the juror's bias worked to prejudice defendant.

Moreover, to reverse defendant's conviction on the basis of

the outcomes of the appeals of his co-defendants would run afoul of the caution that "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically * * * In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered." *(People v Brown,* 48 NY2d 388, 394.) Such an examination must necessarily take into account that the same misconduct can have a different impact on the various parties to the trial, and defendant's position is certainly different from that of his co-defendants. To reverse defendant's conviction on the ground of juror bias would be completely inconsistent with his claim, offered in support of the motion, that the potential witness "denied however ever discussing with [the juror] what her testimony would be or that she and [the juror] spoke about the case in any greater detail than [the possibility of her testifying in defendant's behalf]." Having taken this position, defendant will not be permitted to relitigate his motion to set aside the verdict on appeal on a totally contradictory ground *(see, People v Littlejohn,* 72 AD2d 515).

Defendant's remaining claims are unpreserved and, in any event, without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Kassal, JJ.