■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN DENNIS, Appellant. [620 NYS2d 614] —Casey, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered January 25, 1993, convicting defendant following a nonjury trial of two counts of the crime of criminal possession of a controlled substance in the third degree.

In February 1992 defendant and two of his associates were permitted to live in the apartment of William Pratt and, in lieu of rent, provide Pratt with cocaine. Thereafter, Pratt informed the State Police Narcotics Unit that defendant and the others were dealing cocaine out of Pratt's apartment. The police observed a controlled purchase by Pratt from one of the other occupants of the apartment. Based upon this transaction, a warrant to search the apartment was obtained. When the warrant was executed, a quantity of cocaine and various items commonly used in the drug trade were obtained. Defendant and the associates were arrested as they attempted to flee through the rear exit of the apartment.

Defendant was charged in a two-count indictment with criminal possession of a controlled substance in the third degree. In County Court and in the presence of his counsel, defendant waived his right to a jury trial. Defendant was convicted of both counts in a nonjury trial before County Court and was sentenced to two indeterminate prison terms of 4 to 12 years, to be served concurrently.

On this appeal, defendant argues the legal insufficiency of the evidence supporting his convictions based on his claim that there was insufficient evidence to corroborate the testimony of Pratt who was an accomplice. Although Pratt might well have been an accomplice (see, CPL 60.22 [2]; *People v Artis,* 182 AD2d 1011, 1013), there was, in our view, sufficient independent evidence of corroboration of his testimony. In Pratt's apartment, the police seized a gym bag containing one bag of cocaine, along with clothing fitting defendant, a pair of pants bearing defendant's initials, a pouch containing 21 small plastic bags filled with cocaine, a hand-held scale and numerous empty small plastic bags. An expert found these items consistent with drug trafficking. Furthermore, although defendant and his associates exited the rear door of the apartment at the time of the raid, a search of defendant revealed his possession of a key to the apartment. Thus, the evidence satisfied the corroboration requirements (see, *People v Williams,* 195 AD2d 889, 891, *lv denied* 82 NY2d 808) and was sufficient to support the conclusion that defendant preserved dominion and control over the cocaine with intent to sell it (see, Penal Law § 220.16 [1], [12]; *People v Manini,* 79 NY2d 561, 575). We find untenable defendant's contention that the waiver of his right to a jury trial was invalid because County Court did not advise defendant that a conviction by jury requires complete unanimity. Defendant cites no authority requiring that he be so informed before waiving his right to a

jury trial. The record shows that defendant's waiver of his right to a jury trial was knowingly and intelligently made and in conformance with the requirements of CPL 320.10 (see, *People v Livingston*, 184 AD2d 529, 530). Defendant was allowed to consult with his attorney prior to signing his written waiver in open court. The waiver of defendant's right to a jury trial was, therefore, valid.

In regard to defendant's further claim that the chain of custody of cocaine was not shown to have been proper, we find that this issue was not preserved for appellate review by an appropriate objection (see, CPL 470.05 [2]). In any event, the record reveals that the chain of custody over the seized cocaine was properly established and any deficiencies in such chain should be excused, as the testimony reveals reasonable assurances of the identity and unchanged condition of the cocaine (see, *People v Julian*, 41 NY2d 340, 343).

Defendant further argues that County Court improperly considered evidence involving uncharged crimes. The uncharged crimes are contained in the testimony of Pratt that defendant acquired cocaine in New York City and transported it to Pratt's apartment and later participated in its sale to various customers. This evidence was probative of defendant knowingly possessing cocaine (Penal Law § 220.16 [12]) and his intent to sell it (Penal Law § 220.16 [1]). The probative value of the testimony of these events, which occurred within 10 days of defendant's arrest, clearly outweighs any prejudicial impact suffered by defendant (see, *People v Glover*, 165 AD2d 880, 881, *lv denied* 77 NY2d 906). We believe, therefore, that Pratt's testimony was properly admitted.

We have considered defendant's claim of ineffective assistance of counsel and find no merit. The errors of omissions claimed against his counsel by defendant are consistent with defense counsel's "justifiable trial strategy" which was to demonstrate that the prosecutor's case was not sufficiently proven (see, *People v Wandell*, 151 AD2d 923, 925, *revd on other grounds* 75 NY2d 951). Furthermore, defendant cannot show that but for the alleged mistakes of counsel, the result would have been any different (see, *People v Charlton*, 192 AD2d 757, 759-760, *lv denied* 81 NY2d 1071). Defendant was not denied effective assistance of counsel. Defendant's judgment of conviction should in all respects be affirmed.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.