■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BOSWELL, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in admitting the typewritten letters addressed to defendant. They did not constitute inadmissible hearsay because they were admitted for the limited purpose of linking defendant to the searched apartment and not for the truth of their contents *(see, State v Porter,* 344 So 2d 1031, 1035 [La]). The court erred, however, in admitting the handwritten note, purportedly written by defendant, because it was not properly authenticated *(see,* Richardson, Evidence § 635 [Prince 10th ed]). In view of the overwhelming evidence of defendant's guilt, we deem the error harmless because there is no significant probability that the jury would have acquitted defendant but for the error *(see, People v Crimmins,* 36 NY2d 230, 242).

Furthermore, the facts enumerated in the affidavit in support of the search warrant were sufficient for its issuance under both prongs of the *Aguilar-Spinelli* rule *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see also, People v Bigelow,* 66 NY2d 417).

Finally, we reject defendant's contention that reversal is required because the trial court admitted evidence that the police were present at the multiple dwelling occupied by defendant, and others, to execute a search warrant. Under the

circumstances of this case, we cannot conclude that admission of the evidence improperly conveyed to the jury the suggestion that criminal evidence existed in defendant's home and that defendant had committed uncharged crimes prior to the execution of the warrant *(cf., People v Hudy,* 73 NY2d 40, 54-55). Moreover, defendant declined to accept the trial court's offer to give a curative instruction. (Appeal from judgment of Monroe County Court, Connell, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.