■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURENCE A. TREMBLING, Appellant. [748 NYS2d 631] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered September 29, 1999, convicting defendant after a jury trial of, inter alia, reckless endangerment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of reckless endangerment in the second degree (Penal Law § 120.20), reckless driving (Vehicle and Traffic Law § 1212), unsafe lane change (§ 1128 [a]), and speeding (§ 1180 [d]). The charges arose from an incident that occurred in July 1998. Defendant was driving a pickup truck in the left lane of the New York State Thruway when a vehicle driven by Eric Barton entered the Thruway and, according to Barton and another witness at trial, "cut off" defendant's truck. According to Barton and that witness, defendant then put his headlights on and tailgated Barton's vehicle for several miles, eventually pulling ahead of Barton. Barton eventually caught up to defendant's truck, which, according to Barton and another witness, was traveling in the right lane. Barton moved into the left lane to pass defendant's vehicle and, according to Barton and that witness, defendant's vehicle abruptly pulled into the left lane in front of Barton's vehicle, causing Barton to lose control of his vehicle and career into the median, coming to rest after hitting a tree on the passenger side of the vehicle. Barton's passenger sustained serious injuries.

Defendant failed to preserve for our review his present contention that the conviction of reckless endangerment is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19). Defendant's motion to dismiss at the close of the People's proof was addressed to the count of assault in the second degree, of which defendant was acquitted. In any event that contention is without merit. Indeed, defense counsel stated with respect to the reckless endangerment count that "this jury could find that perhaps excess speed, lane changes without signalling would possibly constitute reckless endangerment."

We reject the further contention of defendant that the verdict is against the weight of the evidence. Although the witnesses gave contradictory accounts of the incident with respect to various details and there was conflicting expert testimony, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d 490, 495).

Defendant further contends that County Court erred in admitting the testimony of a witness that, before Barton's vehicle entered the Thruway, defendant was driving closely behind her vehicle for many miles in the left lane at a speed of at least 75 miles per hour. Defendant failed to preserve for our review his present contention that the witness's testimony con-

stituted evidence of a prior bad act that should not have been admitted in the absence of a *Ventimiglia* hearing (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Defendant was not denied a fair trial by the prosecutor's comments on summation concerning defendant's initial refusal to speak to the State Police. The court gave curative instructions in response to defense counsel's objections to those comments, and defendant neither requested further curative instructions nor moved for a mistrial. Thus, "[u]nder these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide,* 84 NY2d 943, 944; *see People v Pivnick,* 277 AD2d 1000, *lv denied* 96 NY2d 786). The further contentions of defendant concerning the prosecutor's summation, raised in the main brief and the pro se supplemental brief, are not preserved for our review (*see* CPL 470.05 [2]) and in any event were not so egregious as to have denied defendant a fair trial (*see People v Galloway,* 54 NY2d 396, 401). Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.