THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHONDELL BUTLER, Appellant. (Appeal No. 1.) [769 NYS2d 768]—

Appeal from a judgment of Onondaga County Court (Walsh, J.), entered October 23, 2002, convicting defendant after a jury trial of arson in the first degree and intimidating a witness in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of arson in the first degree (Penal Law § 150.20) and two counts of intimidating a witness in the third degree (§ 215.15 [1]), defendant contends that the verdict is against the weight of the evidence. We disagree. "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley,* 69 NY2d 490, 495 [1987]). We see no basis to disturb the jury's resolution of credibility issues where, as here, there is no basis to conclude that the testimony of any witnesses was incredible as a matter of law.

We reject the contention of defendant that reversal is required based upon certain of County Court's evidentiary rulings. The court properly precluded a police officer from testifying to hearsay statements of a witness she interviewed (*see People v Romero*, 78 NY2d 355, 361 [1991]) and properly precluded another officer from rendering an opinion on the truthfulness or veracity of the victim (*see People v Allen*, 222 AD2d 441, 442 [1995], *lv denied* 88 NY2d 844 [1996]). By failing to raise a specific objection, defendant has failed to preserve for our review his contention that certain testimony of a police officer constituted bolstering (*see People v West*, 56 NY2d 662, 663 [1982]; *People v Alshoaibi*, 273 AD2d 871, 872 [2000], *lv denied* 95 NY2d 960 [2000]). In any event, the testimony of the officer that she would not have ruled out defendant as a suspect had she known certain facts did not constitute bolstering (*cf. People v Brown*, 262 AD2d 570, 577 [1999], *affd* 95 NY2d 776 [2000]; *People v Milligan*, 309 AD2d 950 [2003]; *see generally People v Holt*, 67 NY2d 819, 821 [1986]). Defendant has failed to brief any specific arguments with respect to his contention that the cross-examination of the victim was hampered and thus has abandoned that contention on appeal (*see People v Jansen*, 145 AD2d 870, 871 [1988], *lv denied* 73 NY2d 923 [1989]). We reject defendant's contention that the court erred in precluding defense counsel from questioning an officer about the contents of a written document. The officer who purportedly wrote the document could not authenticate the writing and defense counsel did not pursue any other method of authenticating it (*see People v Boswell*, 167 AD2d 928 [1990], *lv denied* 77 NY2d 876; *cf. People v Jean-Louis*, 272 AD2d 626, 627 [2000], *lv denied* 95 NY2d 890 [2000]).

Although the prosecutor violated the court's *Sandoval* ruling, the court sustained defendant's objection and granted defendant's request for curative instructions. Because defendant "neither objected further nor requested a mistrial[,] . . . the curative instruction 'must be deemed to have corrected the error to the defendant's satisfaction' " (*People v Williams*, 277 AD2d 960, 960 [2000], *lv denied* 96 NY2d 789 [2001], quoting *People v Heide*, 84 NY2d 943, 944 [1994]; *see People v Trembling*, 298 AD2d 890, 892 [2002], *lv denied* 99 NY2d 540 [2002]). To the extent that defendant contends that a comment by the prosecutor on summation was improper, defendant failed to object to the comment and thus has failed to preserve that contention for our review (*see People v Shabazz*, 289 AD2d 1059, 1060 [2001], *affd* 99 NY2d 634 [2003], *rearg denied* 100 NY2d 556 [2003]; *People v Perez*, 298 AD2d 935, 937 [2002], *lv denied* 99 NY2d 562 [2002]). We decline to exercise our power to review that

contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant was afforded a "fair opportunity to question prospective jurors" (*People v Johnson*, 94 NY2d 600, 616 n [2000]; *see People v Jean*, 75 NY2d 744, 745 [1989]), and we therefore conclude that the court did not abuse its discretion in imposing reasonable limitations on defense counsel's questioning of those prospective jurors (*see People v Vargas*, 88 NY2d 363, 377 [1996]). Finally, based upon our review of the record, we reject the contention of defendant that he was denied a fair trial based on cumulative errors (*cf. People v LaDolce*, 196 AD2d 49, 53 [1994]). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.