■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE DAVIS, Appellant. [850 NYS2d 821]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 25, 2004. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count each of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), and three counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1], [12]). Defendant failed to preserve for our review his conten-

tion that the evidence is legally insufficient to establish his identity as the person who engaged in drug transactions with an undercover police detective (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's contention is without merit inasmuch as, at trial, the detective identified defendant as the perpetrator (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence based upon discrepancies between the trial testimony of the detective and his incident reports and grand jury testimony with respect to defendant's physical description and the involvement of an informant. Those discrepancies did not render the detective's testimony "impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Wallace*, 306 AD2d 802, 802-803 [internal quotation marks omitted]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Butler*, 2 AD3d 1457, 1458 [2003], *lv denied* 3 NY3d 637 [2004]) and, in any event, that contention lacks merit. The prosecutor's statements were a fair response to defense counsel's summation and "did not exceed the bounds of legitimate advocacy" (*People v Sinclair*, 231 AD2d 926, 926 [1996]). We reject the further contention of defendant that he was deprived of a fair trial based on Supreme Court's refusal to give a missing witness charge with respect to two individuals. As the court properly determined in denying defendant's request with respect to one of those individuals, defendant failed to establish that she was under the control of the People (*see People v Savinon*, 100 NY2d 192, 197 [2003]). Defendant's request for a missing witness charge with respect to the other individual was properly denied as untimely made, i.e., defendant failed to request the charge "as soon as practicable so that the court [could] appropriately exercise its discretion and the parties [could] tailor their trial strategy to avoid 'substantial possibilities of surprise' " (*People v Gonzalez*, 68 NY2d 424, 428 [1986]; *see People v Coleman*, 4 AD3d 677, 679 [2004], *lv denied* 2 NY3d 797, 3 NY3d 672 [2004]; *People v Alamo*, 202 AD2d 349 [1994], *lv denied* 84 NY2d 822 [1994]). The sentence is not unduly harsh or severe. Defendant's remaining contentions are unpreserved for our review (*see* CPL 470.05 [2]), and in any event are without merit. Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.