■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PATTERSON, Appellant. [9 NYS3d 30]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered April 4, 2012, as amended May 24, 2012, convicting defendant, after a jury trial, of robbery in the second

degree and burglary in the second degree, and judgments (same court and Justice) rendered April 4, 2012, as amended May 24, 2012 and November 8, 2012, convicting defendant, upon his pleas of guilty, of robbery in the first and third degrees and attempted robbery in the first degree, and sentencing him, and sentencing him, as a second violent felony offender, to an aggregate term of 20 years on all convictions, unanimously affirmed.

Authenticated records showing that the person who purchased a particular prepaid cell phone, which was linked to the crime, supplied pedigree information linked to defendant were properly admitted as circumstantial evidence of defendant's identity as the purchaser of the phone. In the context of the case, the pedigree information did not constitute assertions of fact, but circumstantial evidence that the declarant was, in all likelihood, defendant (*see People v Boswell*, 167 AD2d 928 [4th Dept 1990], *lv denied* 77 NY2d 876 [1991], *lv dismissed* 81 NY2d 785 [1993]). Rather than being factual, the pedigree information was analogous to a fingerprint left on a document, tending to show the true identity of its author (*see People v Johnson*, 237 AD2d 971 [4th Dept 1997], *lv denied* 89 NY2d 1095 [1997]). Although the purchaser of the phone was not under a business duty to provide the pedigree information, that requirement of the business records exception to the hearsay rule did not apply, because the initial declaration was independently admissible (*see Matter of Leon RR*, 48 NY2d 117, 122 [1979]; *Kelly v Wasserman*, 5 NY2d 425 [1959]). The possibility that the phone could have been purchased by an unknown person who had somehow acquired defendant's pedigree information goes to weight, not admissibility. We have considered and rejected defendant's remaining arguments concerning the court's receipt of this evidence.

Defendant made a valid waiver of his right to appeal with regard to his convictions by plea of guilty. Regardless of whether defendant validly waived his right to appeal in connection with his guilty pleas, we perceive no basis for reducing the sentences for any of defendant's convictions. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Kapnick, JJ.