OPINION OF THE COURT
Wachtler, J.
In June of 1961, Anthony Castellito, a New Jersey union official, disappeared. Fifteen years later, although Castellito’s body was never discovered, Anthony Provenzano and Harold Konigsberg were charged with his murder. They were tried jointly before a jury and were convicted of murder in the first degree (former Penal Law, § 1044) upon proof consisting of circumstantial evidence, admissions, and accomplice testimony.
On appeal the Appellate Division reversed the conviction, on the law, and ordered a new trial as to both defendants. While numerous grounds were urged by the defendants as a basis for reversal in the Appellate Division, that court reached but one — the Trial Judge’s refusal to excuse an individual juror, Theresa E. Thomas, for cause.
The record discloses that Mrs. Thomas had met the trial prosecutor, Michael Kavanagh, at several political rallies and that both were members of the same local political club. She revealed that she had campaigned for the prosecutor in his 1977 race for election as Ulster County District Attorney; however, her campaign effort was for her party’s ticket, on which Kavanagh ran, rather than a personal effort for the District Attorney alone. Although she readily admitted that at *424 the time of the campaign she believed the trial prosecutor to be the best qualified for the office of District Attorney, at no time did she indicate any social relationship between them.
The trial court refused a defense request to dismiss Mrs. Thomas as a juror "for cause”. The defense thereupon struck her from the panel by exercise of a peremptory challenge. Although at that point the defense had peremptory challenges remaining to it, those peremptory challenges were exhausted before completion of the jury selection process thus if the denial of the challenge for cause was error, it was prejudicial and requires reversal (CPL 270.20, subd 2).
The question on this appeal is whether it can be said, as a matter of law, that the relationship testified to was "likely to preclude” (CPL 270, subd 1, par [c]) the potential juror from giving an impartial verdict, rendering reversible error the failure to grant a challenge "for cause”.
The Appellate Division found the relationship in question to be essentially indistinguishable from that which we found objectionable in People v Branch (46 NY2d 645) and, as previously noted and without comment on the defendants’ other assignments of error, reversed the convictions. The People appeal by leave of a Judge of this court.
CPL 270.20 (subd 1, par [c]) specifies certain relations which, if existing between a potential juror and the defendant, victim, a prospective witness, or attorneys for either the prosecution or defense, will automatically bar the potential juror from service in that case. The last clause of subdivision (c) disqualifies from jury service anyone who "bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict”. In the case of any of the relationships covered by subdivision (c) an expurgatory oath is not available to purge the taint of bias implied by the law from the existence of the relationship (People v Branch, supra, at p 649).
People v Branch concerned a juror who was a part-time policeman. Not only did he have professional contacts with the District Attorney’s office, but he had also worked closely and socialized with the very attorney who prosecuted the case in which the officer had been called as juror. Emphasizing the direct and personal nature of the contacts this court held that that relationship, as a matter of law, was likely to preclude the juror from rendering an impartial verdict (Branch, supra, at p 651).
*425 By contrast, the facts of the case at bar show little more than a nodding acquaintance coupled with a belief by the juror that the District Attorney was the best qualified candidate for that post. Neither separately nor in combination do these factors amount to a relationship of which it could be said that the impact on the mind of the average juror would be likely to preclude the juror from rendering an impartial verdict. Merely generalized support for the candidates of one party or attendance at political rallies does not signal a relationship which would preclude fairness on the part of a prospective juror. Of course, direct partisan support in an individual campaign effort might impart a different hue to the relationship — but that was not the case here.
On argument before our court the District Attorney readily conceded that if these circumstances were repeated he would consent to the challenge. Indeed, in retrospect it is probable that the Trial Judge would have "lean[ed] toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve” (People v Branch, supra, at p 651). This, of course, would have been the better course in the instant case, but on the facts presented here we cannot say, as a matter of law, that the failure to do so was error. We therefore reverse.
However, as the Appellate Division has not yet had an opportunity to pass on the other arguments of the defendants or to exercise its powers of discretion this matter should be remitted for further proceedings (see People v Berkowitz, 50 NY2d 333).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the opinion herein.