■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FORDLEY, Appellant. [695 NYS2d 696] —Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered October 7, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's valid waiver of the right to appeal forecloses review of the denial of defendant's suppression motion (*People v Seaberg*, 74 NY2d 1). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BANKS, Also Known as KEVIN WEEMS, Also Known as KEVIN WEEKS, Appellant. [696 NYS2d 404] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), entered April 22, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

Defendant's sufficiency claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We further find that the verdict was not against the weight of the evidence. The totality of the evidence permitted a rational inference of intent to sell, notwithstanding the small quantity of drugs involved as well as the other factors cited by defendant on appeal.

Defendant's challenge to the court's supplemental charge on intent is unpreserved for review and we decline to review it in the interest of justice. Were we to review the claim, we would find that the main and supplemental charges, viewed as a whole, adequately conveyed the correct legal standard.

We have considered and rejected defendant's remaining contentions, including those contained in his *pro se* supplemental and reply briefs. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.