■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PICKREN, Appellant. [728 NYS2d 792] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 3, 1999, upon a verdict convicting defendant of the crimes of assault in the second degree, assault in the first degree and attempted robbery in the first degree (two counts).

Defendant was convicted following a jury trial at which he appeared *pro se*. He now appeals, contending, initially, that it was an abuse of discretion for County Court to deny his challenge for cause of a juror, a retired police officer, who admitted that he knew of defendant and his family, as well as the Sheriff's investigator and a police officer who testified at the trial. In response to the court's questioning, the juror indicated that he knew these individuals by virtue of his long career as a police officer, but that he did not have a personal or social relationship with any of these individuals and that he could be fair and impartial in evaluating their testimony and in rendering a verdict. Defendant declined to question the juror but, having exhausted his peremptory challenges, asked that he be removed for cause. County Court denied defendant's challenge, noting that the juror had been retired over three years and had stated that he could be impartial.

Contrary to defendant's contention, we do not find that this juror's knowledge of defendant and several of the prospective witnesses was "of such nature that it [was] likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [c]). "Numerous cases have held that a juror's relationship with a police officer and even his position as a police officer are insufficient to constitute implied bias" (*People v Butts*, 140 AD2d 739, 741, citing *People v Colon*, 127 AD2d 678, *affd* 71 NY2d 410, *cert denied* 487 US 1239; *People v Smith*, 110 AD2d 669, *revd on other grounds* 68 NY2d 737, *cert denied* 479 US 953). Inasmuch as the prospective juror here did not bear a relation-

ship to any of the witnesses who fall within the enumerated relationships of CPL 270.20 (1) (c), the fact that he was a former police officer who had " 'nodding acquaintance[s]' " (*People v Butts, supra,* at 741, quoting *People v Provenzano,* 50 NY2d 420, 425) with several of the prospective witnesses did not render him inherently biased so as to justify disqualification for cause under CPL 270.20 (1) (c) and *People v Branch* (46 NY2d 645 [expurgatory oath not applicable where suspect relationship involved]) (*see, People v Colon,* 71 NY2d 410, 418, *cert denied* 487 US 1239; *People v Ruiz,* 162 AD2d 637, 638, *lv denied* 76 NY2d 990; *cf., People v Clark,* 125 AD2d 868, 869-870, *lv denied* 69 NY2d 878 [significant social relationship with District Attorney gives rise to suspect relationship]).

Furthermore, we conclude that County Court properly refused defendant's request to charge the jury that if defendant was found not to have been personally present at the crime scene, then the jury must render a verdict of not guilty. County Court appropriately found that the charge was erroneous because—as charged in the indictment—defendant could have been found guilty by virtue of his acting in concert with another (*see,* Penal Law § 20.00). Thus, we find that the charge, as given, "correctly conveyed the proper standard[s] to the jury" (*People v Gutkaiss,* 206 AD2d 628, 631, *lv denied* 84 NY2d 936). We also reject defendant's argument that he was entitled to a *Wade* hearing. The identification witness's pretrial identification of defendant through a newspaper article containing defendant's photograph was not a police-arranged procedure and, thus, cannot be said to have impacted defendant's due process rights (*see, People v Morales,* 228 AD2d 704, *lv denied* 88 NY2d 1070; *People v Fuller,* 185 AD2d 446, 449, *lv denied* 80 NY2d 974; *see also, People v Dixon,* 85 NY2d 218, 222-223). Finally, County Court was not required to issue a written decision denying defendant's motion. The court adequately and appropriately set forth the reasons for its determination on the record (*see,* CPL 710.60 [6]).

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.