[949 NE2d 475, 925 NYS2d 384]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN SCOTT, Appellant.

Argued March 22, 2011; decided May 3, 2011

**POINTS OF COUNSEL**

*Paul J. Connolly,* Delmar, for appellant. I. County Court committed reversible error in granting the prosecution's motion to excuse a sworn juror for cause though he had not been shown

to have a state of mind with which he could not render an impartial verdict. (*People v Harris,* 57 NY2d 335; *People v Williams,* 63 NY2d 882; *People v Arnold,* 96 NY2d 358; *People v Lipsky,* 57 NY2d 560; *People v Russell,* 16 AD3d 776, 5 NY3d 809; *People v Kenner,* 8 AD3d 296; *People v Tankleff,* 84 NY2d 992; *People v Jackson,* 182 AD2d 919, 80 NY2d 832; *People v Victor,* 62 NY2d 374; *People v Cahill,* 2 NY3d 14.) II. County Court committed reversible error in denying a defense challenge for cause of a prospective juror who had effectively had an attorney-client relationship with the prosecuting attorney. (*People v Johnson,* 94 NY2d 600; *People v Arnold,* 96 NY2d 358; *People v Clark,* 125 AD2d 868; *People v Branch,* 46 NY2d 645; *Matter of Cooperman,* 83 NY2d 465; *Matter of Wallach,* 164 App Div 600, 215 NY 622; *People v Provenzano,* 50 NY2d 420; *People v Levandowski,* 8 AD3d 898; *People v Hall,* 138 AD2d 404; *People v Kane,* 57 AD2d 575.) III. County Court's rape shield ruling was an abuse of discretion that violated defendant's constitutional right to confront witnesses and constitutional due process right to present a defense. (*People v Williams,* 81 NY2d 303; *People v Loja,* 305 AD2d 189; *People v Jovanovic,* 263 AD2d 182, 95 NY2d 846; *People v Santiago,* 13 AD3d 81, 4 NY3d 767; *People v Salko,* 47 NY2d 230; *People v Segarra,* 46 AD3d 363, 10 NY3d 816; *People v Mann,* 41 AD3d 977, 9 NY3d 924; *People v White,* 261 AD2d 653, 93 NY2d 1029; *People v Wise,* 46 NY2d 321; *People v Beavers,* 127 AD2d 138; 70 NY2d 642.)

*James A. Murphy, III, District Attorney,* Ballston Spa (*Nicholas E. Tishler* of counsel), for respondent. I. The trial judge properly exercised his discretion in excusing a sworn juror for cause after the juror revealed that he violated his oath under Criminal Procedure Law § 270.15 (1) (a), misled the court during voir dire and failed to follow the court's instructions. (*People v Williams,* 63 NY2d 882; *People v Arnold,* 96 NY2d 358; *People v Culhane,* 33 NY2d 90; *People v Blyden,* 55 NY2d 73; *People v Johnson,* 94 NY2d 600; *People v Dukes,* 8 NY3d 952; *People v Buford,* 69 NY2d 290; *People v Torpey,* 63 NY2d 361; *People v Hoffler,* 53 AD3d 116; *People v Norwood,* 177 Misc 2d 172.) II. Defendant's challenge for cause on the ground that a prospective juror had a professional relationship with the trial prosecutor was properly denied after the juror assured the court that the prosecutor's representation of her son in a personal injury case approximately 14 years before the trial of this matter would not affect the prospective juror's judgment. (*People v Branch,* 46 NY2d 645; *People v Provenzano,* 50 NY2d 420; *People v Williams,* 243 AD2d 833, 91 NY2d 931; *Matter of Cooperman,* 83

NY2d 465; *Matter of Wallach*, 164 App Div 600, 215 NY 622; *People v Levandowski*, 8 AD3d 898; *People v Hall*, 138 AD2d 404; *People v Kane*, 57 AD2d 575; *People v Clark*, 125 AD2d 868.) III. The rulings made by County Court on the rape shield issue were proper exercises of discretion, did not unduly prejudice defendant and did not violate his constitutional right to due process or his constitutional right to confront witnesses. (*People v Mandel*, 48 NY2d 952; *People v Williams*, 81 NY2d 303; *People v Halbert*, 175 AD2d 88, 80 NY2d 865; *People v Jovanovic*, 263 AD2d 182; *People v Loja*, 305 AD2d 189; *People v Lyng*, 154 AD2d 787; *People v Malizia*, 62 NY2d 755; *People v Anthony*, 24 NY2d 696; *People v Crimmins*, 36 NY2d 230.)

## OPINION OF THE COURT

JONES, J.

This appeal requires the Court to resolve whether the trial court erred (1) in precluding evidence of a victim's sexual conduct around the time of the incident pursuant to New York's Rape Shield Law (Criminal Procedure Law § 60.42) and (2) in disqualifying one juror and failing to discharge another.

In March 2007, three eighth-grade girls, K.D., A.B. and R.S., left a slumber party and went to the home of Steven A., a 16-year-old friend of theirs. Defendant, a 23-year-old man, and another adult were also there. While at Steven A.'s home, the girls drank alcohol and smoked marijuana with Steven A. and his friends, and also engaged in sexual activity. Two days later, K.D. informed the police that she had intercourse with Steven A. at his party, but did not accuse defendant. K.D. gave a second statement to the police a few days later, stating she had intercourse with the defendant that night against her will. Defendant was charged with rape in the first degree (forcible), rape in the second degree (statutory) and three counts of endangering the welfare of a child.

During jury selection, the People asked the prospective jurors whether the lack of DNA evidence would "affect anybody's decision in this matter?" After being sworn, a juror asked to approach the bench and informed the court: "I guess I think that there should be DNA evidence." County Court made a limited inquiry about the juror's statement. It then granted the People's request to remove the juror over defendant's objection. The court found him to be "unqualified to serve as a juror." As to another prospective juror, that juror advised the court, when asked whether any of the jurors knew the prosecutor, that the

prosecutor "took a case for me for my son," about 13 or 14 years earlier. County Court denied defendant's challenge for cause.

Prior to trial, defendant moved for an order allowing him to introduce evidence at trial of K.D.'s sexual conduct at the party, specifically her involvement with Steven A. County Court held a hearing pursuant to CPL 60.42 (5).* The court initially granted the motion, but subsequently granted the People's motion to reargue this issue. The court then ruled that the defense was "prohibited from eliciting testimony relative to any prior sexual conduct of the victim with any of the other individuals who were present" unless the People introduced evidence attributing K.D.'s bruises to sexual activity.

At trial, K.D. testified that she was raped by defendant. A.B. testified that K.D. had been alone with defendant in a bedroom and when she emerged, wearing only a sheet, she was crying and saying, "I didn't want to do it." Because of County Court's Rape Shield Law determination, defendant was prohibited from introducing, among other things, R.S.'s statement to the police that K.D. was crying because she was upset that she had sex with Steven A.

The jury acquitted defendant of rape in the first degree, but convicted him of rape in the second degree and three counts of endangering the welfare of a child. Defendant appealed, contesting, inter alia, County Court's rape shield and jury selection rulings. The Appellate Division affirmed, finding no error or abuse of discretion by County Court in its discharge of one juror and failure to disqualify another and rejecting defendant's Rape Shield Law argument (67 AD3d 1052 [2009]). This Court now affirms.

■ Defendant contends that the trial court erred by rejecting evidence of K.D.'s sexual activity with another person around the time of the incident pursuant to CPL 60.42 (5). CPL 60.42 declares "[e]vidence of a victim's sexual conduct" inadmissible in a prosecution for a sex offense under article 130 of the Penal

---

* CPL 60.42 states: "Evidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the penal law ['Sex Offenses']." Subdivision (5) permits such evidence if a court determines "after an offer of proof by the accused outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible in the interests of justice."

Law, except in certain circumstances. CPL 60.42 provides five statutory exceptions. "The first four allow evidence of a complainant's prior sexual conduct in narrowly defined factual circumstances," and the fifth, the subdivision at issue here, "vest[s] discretion in the trial court" (*People v Williams*, 81 NY2d 303, 311 [1993]). Pursuant to subdivision (5), evidence of a victim's prior sexual conduct may be introduced upon a determination by the court that such evidence is "relevant and admissible in the *interests of justice*" (CPL 60.42 [5] [emphasis added]).

The Legislature specifically intended the Rape Shield Law to limit the inquiry into "a victim's past sex life in prosecutions for sex offenses" because it found that such evidence, in forcible rape cases, rarely "elicits testimony relevant to the issues of the victim's consent on credibility, but serves only to harass the alleged victim and confuse the jurors" (Mem of Assemblyman Stanley Fink, 1975 NY Legis Ann, at 47-48).

We recognize that, "in the interests of justice," evidence of a complainant's sexual conduct may be admissible if it is relevant to a defense (*see generally People v Jovanovic*, 263 AD2d 182, 198 [1st Dept 1999] [application of section 60.42 (5) to redacted e-mails—containing evidence to which the Rape Shield Law would have applied—because they were "highly relevant to establishing the defense"]). In contrast, such evidence must be precluded if it does not tend to establish a defense to the crime because it will only harass the victim and possibly confuse the jurors.

In this case, County Court appropriately accepted the defendant's argument that evidence of the complainant's sexual conduct that evening would be relevant to his defense if the People introduced evidence of her bruising caused by sexual contact and attributed such evidence to him. Such evidence would have been relevant to both charges of rape, but the People decided not to offer evidence of bruising. Defendant argues that R.S.'s statement to the police—that K.D. told her that she was crying because she had sex with Steven A.—should have been admitted pursuant to CPL 60.42 (5) because it raised an alternative basis for admissibility since the People presented proof that the victim was crying when she emerged from the bedroom with defendant to buttress their proof of forcible compulsion. Since it would have been probative, if at all, of only the forcible rape charge and defendant was acquitted of that count, we need not resolve whether the trial court abused its discretion in declining to admit that evidence.

Defendant also assigns error to the trial court's rulings regarding whether to exclude two jurors for cause. However, no abuse of discretion is apparent (*see* CPL 270.15 [4]; CPL 270.20).

Pursuant to CPL 270.15 (4), a court may allow a challenge of a sworn juror for cause, prior to the time a witness is sworn at the trial, where the challenge is made upon a ground that was not known to the challenging party before the trial juror was sworn (*see also People v Harris*, 57 NY2d 335, 349 [1982]). Additionally, CPL 270.20 (1) specifically enumerates the grounds upon which a prospective juror may be challenged for cause. CPL 270.20 (1) (b) focuses on the prospective juror's state of mind to render an impartial verdict, and subdivision (1) (c) addresses any relationship between the juror and a person involved in the criminal action which could affect the juror's impartiality.

Although County Court failed to make a probing inquiry regarding the sworn juror's ability to render an impartial verdict, its discharge was not error as such action is authorized by CPL 270.15 (4). Furthermore, this Court has noted that a "trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve" (*People v Branch*, 46 NY2d 645, 651 [1979]; *see also People v Blyden*, 55 NY2d 73, 78 [1982] ["The costs to society and the criminal justice system of discharging the juror are comparatively slight, while the costs in fairness to the defendant and the general perception of fairness of not discharging such a juror are great"]).

Likewise, there was no error in refusing to disqualify a prospective juror due to a former professional relationship (*see People v Provenzano*, 50 NY2d 420 [1980] [trial court did not abuse its discretion in permitting an acquaintance and supporter of the District Attorney to serve as a juror]). Because the relationship between the prosecutor and prospective juror was distant in time and limited in nature, County Court did not abuse its discretion by permitting this juror to serve.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed.