[961 NE2d 668, 938 NYS2d 277]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT C. FUREY, Appellant.

Argued November 16, 2011; decided December 15, 2011

## POINTS OF COUNSEL

*Muldoon & Getz*, Rochester (*Gary Muldoon* and *Martin P. Mc-Carthy, II*, of counsel), for appellant. I. Given prospective juror Comerford's personal and professional relationships with eight prosecution witnesses, it was error to deny defendant's for-cause challenge. (*People v Branch*, 46 NY2d 645; *People v Rentz*, 67 NY2d 829; *People v Provenzano*, 50 NY2d 420; *People v Colon*, 71 NY2d 410; *People v Lynch*, 95 NY2d 243; *People v Smith*, 52 AD3d 847; *People v Clark*, 125 AD2d 868.) II. The trial judge's denial of defendant's challenge for cause for prospective juror Close, when she gave no unequivocal assurance that she could set aside bias against defendant's character, is reversible error. (*People v Torpey*, 63 NY2d 361; *People v Chambers*, 97 NY2d 417; *People v Arnold*, 96 NY2d 358; *People v Greene*, 290 AD2d 349; *People v Johnson*, 94 NY2d 600; *People v Cargill*, 70 NY2d 687; *People v Buford*, 69 NY2d 290; *People v Blyden*, 55 NY2d 73; *People v Brzezicki*, 249 AD2d 917; *People v Harris*, 179 Misc 2d 612.)

*Donald H. Dodd, District Attorney*, Oswego (*Michael G. Cian-farano* of counsel), for respondent. I. Defendant forfeited his right to challenge for cause prospective juror Comerford. (*People v Powell*, 13 AD3d 975, 4 NY3d 889.) II. The trial court properly denied defendant's challenge for cause regarding prospective juror Comerford. (*People v Colon*, 71 NY2d 410; *People v Brown*, 136 AD2d 1, 72 NY2d 857; *People v Rentz*, 67 NY2d 829; *People v Clark*, 281 AD2d 947; *People v Branch*, 46 NY2d 645; *People v Lynch*, 95 NY2d 243; *People v Maldonado*, 278 AD2d 513; *People v Cassidy*, 16 AD3d 1079, 5 NY3d 760; *People v Provenzano*, 50 NY2d 420; *People v Pickren*, 284 AD2d 727, 96 NY2d 923.) III. The trial court properly denied defendant's challenges for cause regarding prospective juror Close. (*People v Chambers*, 97 NY2d 417; *People v Shulman*, 6 NY3d 1; *People v Smith*, 62 AD3d 422, 13 NY3d 749; *People v Trinidad*, 8 AD3d 106, 3 NY3d 682.)

**OPINION OF THE COURT**

GRAFFEO, J.

We hold that County Court abused its discretion as a matter of law when it denied defendant's for-cause challenge to a prospective juror who had personal and professional relationships with several of the witnesses expected to testify at defendant's trial.

Defendant Scott Furey was charged with committing burglary, kidnapping and other offenses against his former girlfriend. Detective Sergeant Kevin Carter of the City of Oswego Police Department testified at the suppression hearing that this matter was assigned to him by Captain Comerford. The captain's wife subsequently reported to County Court for jury duty.

During voir dire, Mrs. Comerford was interviewed as a prospective juror. She acknowledged being familiar with some of the individuals who were listed as possible prosecution witnesses since they worked with her husband in the Oswego Police Department. With regard to two specific police witnesses, Mrs. Comerford informed the court that she knew them both professionally and personally (though more of the former than the latter), had known them for three years and 10 years, respectively, and had contact with them on a monthly basis. County Court inquired whether Mrs. Comerford could consider the two officers' "testimony in the same fashion and in the same light as any other witness or would you give their testimony greater or lesser consideration or subject their testimony to different tests of credibility because you know those witnesses?" She replied, "I believe I can be fair" and agreed that she "would look at their testimony in the same fashion." She also denied having "any special tests or higher beliefs of credibility because" of her familiarity with the officers. After the names of the other police officers were disclosed as possible witnesses, Mrs. Comerford indicated that she knew five of the officers and would view their testimony in the same manner as other witnesses. She further stated that she knew an additional witness, an assistant district attorney. In total, Mrs. Comerford was acquainted with 8 of the 14 witnesses identified by the People.

The defense moved to dismiss Mrs. Comerford for cause. The People objected, relying on her statements that she would not give preferential treatment to the testimony of the witnesses

she knew. County Court denied the for-cause challenge, explaining that Mrs. Comerford "indicated that she knows nothing about the facts and circumstances of this case and through her husband she knows who many of the People's witnesses are potentially and she would treat them the same as any other witnesses." Defendant then used a peremptory challenge to remove Mrs. Comerford from the panel and subsequently exhausted his allotment of peremptories.

Defendant was convicted of second-degree kidnapping, second-degree burglary and other offenses. He was sentenced to an aggregate term of 5½ years imprisonment and five years of post-release supervision. The Appellate Division affirmed (77 AD3d 1357 [2010]) and a Judge of this Court granted defendant leave to appeal (15 NY3d 952 [2010]). We now reverse and order a new trial.

A prospective juror may be challenged for cause on several grounds, one of which is a preexisting relationship with a potential witness that "is likely to preclude [the prospective juror] from rendering an impartial verdict" (CPL 270.20 [1] [c]). This is referred to colloquially as an "implied bias" (*see* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 270.20, at 300 [2002 ed]) that requires automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect her ability to be fair and impartial (*see e.g. People v Branch*, 46 NY2d 645, 650 [1979]; *People v Rentz*, 67 NY2d 829, 831 [1986]). And such bias, whether acknowledged by the declarant or not, cannot be cured with an expurgatory oath. "[T]he risk of prejudice arising out of the close relationship . . . [is] so great that recital of an oath of impartiality could not convincingly dispel the taint" (*Branch*, 46 NY2d at 651) and creates the perception that the accused might not receive a fair trial before an impartial finder of fact. For this reason, we have advised trial courts to exercise caution in these situations by leaning toward "disqualifying a prospective juror of dubious impartiality" (*id.*).

Not all relationships between a prospective juror and a potential witness or interested party require disqualification for cause as a matter of law (*see Rentz*, 67 NY2d at 830). The frequency of contact and nature of the parties' relationship are to be considered in determining whether disqualification is necessary (*see id.* at 830-831; *People v Scott*, 16 NY3d 589, 595 [2011]). Thus, a prospective juror who worked with a trial prosecutor in prior cases and had direct and personal contact

with him was subject to removal for cause (*Branch*, 46 NY2d at 651), but an individual who campaigned for the political party that endorsed a district attorney was not (*see People v Provenzano*, 50 NY2d 420, 425 [1980]). Similarly, a prospective juror who had relatives in law enforcement—but no personal or social relationships with any of the testifying police officers—was not per se excludable for cause (*see People v Colon*, 71 NY2d 410, 418 [1988], *cert denied* 487 US 1239 [1988]).

Considering this precedent, we conclude that Mrs. Comerford's familiarity with numerous witnesses satisfied the implied bias standard under CPL 270.20 (1) (c), necessitating her removal for cause. During the suppression hearing that occurred prior to jury selection, the testimony established that Captain Comerford had assigned the investigation to Detective Sergeant Carter. More significantly, Mrs. Comerford forthrightly disclosed that she knew eight of the witnesses (seven police officers and an assistant district attorney) who were to testify at trial—more than half of the People's potential witnesses—and had frequent professional and social relationships with at least two of the police officers. Although Mrs. Comerford offered unequivocal assurances of impartiality, those declarations were ineffective in a case like this because there was a considerable risk that she could unwittingly give undue credence to the witnesses she knew and her service would give rise to the perception that defendant did not receive a fair trial. It was therefore an abuse of discretion as a matter of law to deny defendant's challenge for cause.* In light of this determination, defendant's remaining contention is academic.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.

---

* We reject the People's argument that this issue is unreviewable. Their claim that Mrs. Comerford could not be challenged for cause by the defense after the People used peremptory challenges (*see* CPL 270.15 [2]; *cf. People v McQuade*, 110 NY 284, 295 [1888]) was neither raised during jury selection nor decided adversely to defendant.