People v Martinez (2019 NY Slip Op 00034)





People v Martinez


2019 NY Slip Op 00034


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


7991 147/13

[*1]The People of the State of New York, Respondent,
v
Jose Martinez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered March 31, 2016, convicting defendant, after a jury trial, of criminal sale of a firearm in the third degree (two counts), criminal possession of a weapon in the third degree (two counts) and unlawfully engaging in the business of dealing in rifles and shotguns, and sentencing him to an aggregate term of six years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror who disclosed that he was married to a "supervisor" in the Bronx District Attorney's "complaint office." He gave repeated assurances that he could be impartial despite his wife's employment. The prosecutor stated that he did not know who the panelist's wife was, and it has never been asserted that the wife had ever had any contact with defendant's case. On this limited record, defendant failed to meet his burden of showing implied bias, requiring automatic exclusion (see People v Furey, 18 NY3d 284, 287 [2011]). The connection between the panelist and the prosecution was too attenuated to support a finding of implied bias (see People v Hawkins, 41 AD3d 732 [2d Dept 2007], lv denied 9 NY3d 876 [2007]; People v Malave, 271 AD2d 204 [1st Dept 2000], lv denied 95 NY2d 836 [2000]; People v Whittington, 267 AD2d 486 [2d Dept 1999], lv denied 94 NY2d 926 [2000]).
We perceive no basis to reduce defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK