People v McCullough
2026 NY Slip Op 02753
May 1, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE T. MCCULLOUGH, ALSO KNOWN AS JOHN DOE, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on May 1, 2026
219 KA 15-01962
Present: Lindley, J.P., Curran, Ogden, Delconte, And Hannah, JJ.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered November 18, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the first degree and murder in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree and dismissing count 2 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the first degree (Penal Law §§ 20.00, 125.27 [1] [a] [v]; [b]) and murder in the second degree (§§ 20.00, 125.25 [1]). The conviction arises out of defendant's participation in the fatal shooting of the victim, who was a witness and the victim in a pending assault case against defendant.
Defendant's contention that County Court erred when it denied a challenge for cause to prospective juror No. 8 is unpreserved inasmuch as defendant did not join in the challenge for cause to that juror made by codefendant (see CPL 470.05 [2]; People v Gonzalez, 170 AD3d 558, 558 [1st Dept 2019], lv denied 33 NY3d 1031 [2019]; People v Toledo, 101 AD3d 571, 571 [1st Dept 2012], lv denied 21 NY3d 947 [2013]; see also People v Buckley, 75 NY2d 843, 846 [1990]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court erred in denying his challenge for cause to prospective juror No. 10 due to that prospective juror's implied bias. There are two types of biases that subject a prospective juror to a challenge for cause: actual bias and implied bias (see CPL 270.20 [1] [b], [c]; People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020], lv denied 36 NY3d 970 [2020]). An actual bias arises where the prospective juror exhibits "a state of mind that is likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see People v Nicholas, 98 NY2d 749, 751 [2002]; People v Johnson, 94 NY2d 600, 611 [2000]).
The second type of bias "is referred to colloquially as an 'implied bias' . . . [and it] requires automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect her ability to be fair and impartial" (People v Furey, 18 NY3d 284, 287 [2011]). Unlike an actual bias, an implied bias is discernible not from a prospective juror's statements during voir dire, but instead from the prospective juror's experiences. An implied bias exists where a prospective juror is "related within the sixth degree by consanguinity or affinity to the defendant, or to the person allegedly injured by the crime [*2]charged, or to a prospective witness at the trial, or to counsel for the people or for the defendant; or . . . is or was a party adverse to any such person in a civil action; or . . . has complained against or been accused by any such person in a criminal action; or . . . bears some other relationship to any such person of such nature that it is likely to preclude [the prospective juror] from rendering an impartial verdict" (CPL 270.20 [1] [c]; see Furey, 18 NY3d at 287; People v Farley, 164 AD3d 1633, 1634 [4th Dept 2018]).
In determining whether a relationship is sufficiently close to require disqualification, "[t]rial courts are directed to look at myriad factors surrounding the particular relationship in issue, such as the frequency, recency or currency of the contact, whether it was direct contact, and the nature of the relationship as personal and/or professional . . . or merely a nodding acquaintance" (People v Cross, 174 AD3d 1311, 1312 [4th Dept 2019], lv denied 34 NY3d 950 [2019] [internal quotation marks omitted]; see Furey, 18 NY3d at 287-288; Farley, 164 AD3d at 1634-1635).
We conclude that the nature of the relationship between prospective juror No. 10 and the prosecutor was not of such a nature that would likely "preclude [prospective juror No. 10] from rendering an impartial verdict" (CPL 270.20 [1] [c]; see People v Scott, 16 NY3d 589, 595 [2011]). The prospective juror and the prosecutor were neighbors for only six months, and there is no indication that they ever socialized as neighbors or anytime afterward. Indeed, it appears that the prospective juror did not recognize the prosecutor until the prosecutor raised the issue himself.
Defendant contends, with respect to the count of murder in the first degree, that the evidence is legally insufficient to support the conviction and the verdict is against the weight of the evidence. We reject those contentions. In reviewing the legal sufficiency of the evidence, where, as here, the defendant contends that their conviction is not supported by legally sufficient evidence, we review the evidence in the light most favorable to the People and will not disturb the conviction as long as there exists " 'any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (People v Galindo, 23 NY3d 719, 724 [2014], quoting People v Bleakley, 69 NY2d 490, 495 [1987]). As relevant here, a defendant "is guilty of murder in the first degree when[,] . . . [w]ith intent to cause the death of another person, [the defendant] causes the death of such person or of a third person; and . . . the intended victim was a witness to a crime committed on a prior occasion and the death was caused for the purpose of preventing the intended victim's testimony in any criminal action or proceeding whether or not such action or proceeding had been commenced" (Penal Law § 125.27 [1] [a] [v]). A defendant's motive to eliminate a person as a witness must be a substantial factor in the murder, even though the defendant may have had mixed motives (see People v Cahill, 2 NY3d 14, 57 [2003]). Motive may be inferred from a defendant's conduct and the surrounding circumstances of the crime (see generally People v Covlin, 205 AD3d 578, 579-580 [1st Dept 2022], lv denied 38 NY3d 1149 [2022]; People v Rose, 185 AD3d 1228, 1229 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]; People v Ojeda, 11 AD3d 258, 258-259 [1st Dept 2004], lv denied 4 NY3d 747 [2004]).
Here, the evidence at trial established that there was a pending assault case against defendant involving the victim and the victim was cooperating with the prosecution. There was also an upcoming hearing in that case. The intent to kill the victim, as opposed to injure the victim, was established by evidence that five shots were fired at the victim (see People v Torres, 149 AD2d 747, 748 [2d Dept 1989], lv denied 74 NY2d 748 [1989]). The record presented no evidence of another motive for the killing, such as robbery; no personal effects or valuables were taken from the victim (see People v Lau, 11 AD3d 482, 482-483 [2d Dept 2004], lv denied 4 NY3d 765 [2005]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the People established that defendant's motive to hinder his prosecution for the assault was a substantial factor in the murder (see Cahill, 2 NY3d at 57), and the evidence is thus legally sufficient to establish defendant's guilt under Penal Law § 125.27 (1) (a) (v), (b).
Viewing the evidence in light of the elements of murder in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
However, we agree with defendant, and the People concede, that count 2 of the [*3]indictment, charging intentional murder in the second degree (Penal Law § 125.25 [1]), must be dismissed as a lesser included offense of murder in the first degree (see CPL 300.40 [3] [b]; People v Beard, 189 AD3d 2097, 2099 [4th Dept 2020], lv denied 36 NY3d 1097 [2021]; People v Clayton, 175 AD3d 963, 967 [4th Dept 2019]). We therefore modify the judgment accordingly.
Defendant further contends that the court erred in admitting certain alleged hearsay evidence containing information about codefendant found in a pocket of defendant's coat. We reject that contention. The evidence was not hearsay because it was not offered for its truth (see People v Ballard, 236 AD3d 1434, 1435 [4th Dept 2025], lv denied 44 NY3d 992 [2025]), but rather to establish a connection between defendant and codefendant (see generally People v Johnson, 237 AD2d 971, 972 [4th Dept 1997], lv denied 89 NY2d 1095 [1997]; see People v Boswell, 167 AD2d 928, 928 [4th Dept 1990], lv denied 77 NY2d 876 [1991], lv dismissed 81 NY2d 785 [1993]). Contrary to defendant's further contention, we conclude on this record that the court's cautionary instruction, which the jury is presumed to have followed (see People v Davis, 58 NY2d 1102, 1104 [1983]), sufficiently informed the jury that the evidence was not being offered for the truth of its content (see generally People v Griner, 178 AD3d 1436, 1436 [4th Dept 2019], lv denied 35 NY3d 941 [2020]). Defendant abandoned his related contention that a juror's comment demonstrated that the evidence was being considered for its truth contrary to the court's instruction inasmuch as defendant requested that no further inquiry be made and thus did not create a record or ruling subject to appellate review (see generally People v Mower, 97 NY2d 239, 246 [2002]).
Contrary to defendant's further contention, the opinion testimony of the expert medical examiner, based upon, inter alia, her review of autopsy materials, was properly admitted at trial and did not violate defendant's Sixth Amendment right to confrontation (see People v Ortega, 40 NY3d 463, 475-476 [2023]). "[T]he Confrontation Clause does not entirely preclude the use of information contained in testimonial autopsy reports," and an expert may offer opinions related to the cause and manner of death if the expert has "used their independent analysis on the primary data," including autopsy photographs, video recordings, and anatomical measurements (id.; People v Belstadt, 243 AD3d 1313, 1315-1316 [4th Dept 2025], lv denied 45 NY3d 935 [2026]); People v Austin, 237 AD3d 736, 738 [2d Dept 2025]; People v Taveras, 228 AD3d 410, 412 [1st Dept 2024], lv denied 42 NY3d 1054 [2024]). Here, the record reflects that the testifying expert, who did not perform or observe the autopsy, reached her conclusions based on an independent review of the proper materials rather than the conclusions of the performing medical examiner (see Austin, 237 AD3d at 738; cf. Ortega, 40 NY3d at 478).
Furthermore, we reject defendant's contention that the court erred in denying his request for a circumstantial evidence charge. A circumstantial evidence instruction need not be given "where there is both direct and circumstantial evidence of the defendant's guilt" (People v Hardy, 26 NY3d 245, 249 [2015]; see People v Exford, 234 AD3d 1252, 1254 [4th Dept 2025]), and it is well established that "[d]irect evidence . . . include[s] . . . eyewitness testimony" (People v James, 147 AD3d 1211, 1212 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]). Here, there was direct evidence of at least one of the elements of the crime, including testimony from witnesses establishing that defendant knew that the victim was a witness in the pending assault case (see generally People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]). The fact that such testimony did not prove every element of the crime charged is irrelevant to defendant's entitlement to a circumstantial evidence instruction (see Hardy, 26 NY3d at 251).
We note that the certificate of conviction incorrectly states that defendant was convicted of murder in the first degree pursuant to Penal Law § 125.27 (1) (E), and it must be amended to reflect that he was convicted of murder in the first degree pursuant to section 125.27 (1) (a) (v), (b).
Entered: May 1, 2026
Ann Dillon Flynn
Clerk of the Court